1 | Susan E. Teaster (GA Bar No. 701415)
2 | Assistant Attorney General
  | Georgia Department of Law
3 | 40 Capitol Square SW
4 | Atlanta, GA  30334
  | Tel: (404) 463-8850
5 | Fax: (404) 651-5304
6 | Email: steaster@law.ga.gov
7 | *Appearance Pro Hac Vice*

8 | Sarah L. Overton (CA Bar No. 163810)
9 | Cummings, McClorey, Davis, Acho and Associates, P.C.
  | 3801 University Avenue, Suite 560
10 | Riverside, CA 92501
11 | Office (951) 276-4420
12 | Fax (951) 276-4405
  | Email: soverton@cmda-law.com
13 |

14 | Attorneys for Defendant Linda Hunter

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HERBERT HORATIO SIMMONS,        )  **CASE: CV14-4806 JFW(JEM)**
                                )  **DEFENDANT LINDA HUNTER'S**
            Plaintiff,          )  **SPECIAL APPEARANCE NOTICE**
                                )  **OF MOTION AND MOTION TO**
                                )  **DISMISS PLAINTIFF'S FIRST**
        v.                      )  **AMENDED COMPLAINT;**
                                )  **MEMORANDUM OF POINTS AND**
                                )  **AUTHORITIES IN SUPPORT**
                                )  **THREOF**
                                )  **[FED. R. CIV. P. 12(B)(2), 12(B)(3),**
STAN BLUMENFELD, et al,         )  **12(B)(6)];**
        Defendants.             )

NOTICE OF MOTION AND MOTION TO DISMISS
-1-

)   DATE: October 28, 2014
)   TIME: 10:00 a.m.
)   COURTROOM C, 8TH FLOOR
)   JUDGE: Hon. John E. McDermott

**TO PLAINTIFF HERBERT HORATION SIMMONS, IN PRO SE:**

NOTICE IS HEREBY GIVEN that on October 28, 2014 at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom C, 8th floor above-entitled court located at 312 N. Spring Street, Los Angeles, California, the Honorable Linda Hunter, Judge of the Superior Court of DeKalb County, Georgia will and hereby does move this Court, pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6) for a dismissal of the complaint against the moving party on the following grounds:

1. Plaintiff's complaint should be dismissed for failure to perfect service on Defendant Hunter.

2. This Court lacks personal jurisdiction over Defendant Hunter;

3. Pursuant to 28 U.S.C. § 1391(b), venue for this action does not lie in the Central District of California.

4. Defendant Hunter has judicial immunity from Plaintiff's claims.

5. Plaintiff's complaint fails to state a claim against Judge Hunter upon which relief may be granted.

This motion is based upon this notice of motion, the attached memorandum of points and authorities, all pleadings and papers on file in this action, and upon such other matters as the court may allow to be presented at the time of the hearing on this matter.

Pursuant to Local Rule 7-3, on September 25, 2014, defense counsel twice attempted to contact Plaintiff concerning the motion to dismiss by telephone and left messages on Plaintiff's voicemail. Plaintiff did not return defense counsel's telephone call, but instead filed a request for default judgment.

Dated: September 26, 2014

By: /S/ Susan E. Teaster
Susan E. Teaster
(GA Bar No. 701415)
Assistant Attorney General
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 463-8850
Fax: (404) 651-5304
Email: steaster@law.ga.gov
*Appearance Pro Hac Vice*

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................1

    A.    Factual Background ..................................................1

    B.    Additional Facts Bearing On Service, Personal Jurisdiction and Venue ......3

II.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO

PERFECT SERVICE ON DEFENDANT HUNTER ...............................4

III.  THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT

HUNTER ....................................................................7

IV.   VENUE IS NOT PROPER IN THE CENTRAL DISTRICT OF CALIFORNIA ...12

V.    JUDGE HUNTER HAS JUDICIAL IMMUNITY FROM PLAINTIFF'S CLAIMS

...........................................................................13

VI.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM ..........................15

# TABLE OF AUTHORITIES

**Cases**

*Alexopulos v. San Francisco Unified School Dist.*,
817 F.2d 551 (9th Cir. 1987) ...................................................................................17

*Amba Mktg. Sys. v. Jobar Int'l*,
551 F.2d 784 (9th Cir. 1977) .....................................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................15

*Azzarello v. Navagility, LLC*,
2008 U.S. Dist. LEXIS 117119, (N.D. Cal. Oct. 16, 2008)(Chesney, J.).................7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).............................................................................................15, 16

*Bradley v. Fisher*,
80 U.S. 335 (1872).....................................................................................................14

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985).....................................................................................................9

*Calder v. Jones*,
465 U.S. 783 (1984).....................................................................................................9

*Cone-Vent Corp. v. Nobel Indus. AB*,
11 F.3d 1482 (9th Cir. 1993) ....................................................................................11

*Dole Food Co. v. Watts*,
303 F.3d 1104 (9th Cir. 2002) ...............................................................................7, 10

*Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*,
544 U.S. 280 (2005)...................................................................................................18

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984).....................................................................................................8

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945).....................................................................................................7

*Kentucky v. Graham,*
473 U.S. 159 (1985)..................................................................................................2

*Lake v. Lake,*
81 F.2d 1416 (9th Cir. 1987) ...................................................................................9

*Lovett v. Ray,*
327 F.3d 1181 (11th Cir. 2003) .............................................................................17

*McDougal v. County of Imperial,*
945 F.2d 668 (9th Cir. 1991) .................................................................................17

*McHenry v. Renne,*
84 F.3d 1172 (9th Cir. 1996) .................................................................................16

*Mireles v. Waco,*
502 U.S. 9 (1991)...................................................................................................14

*Monell v. Dep't of Soc. Servs.,*
436 U.S. 658 (1978)...............................................................................................16

*Pierson v. Ray,*
386 U.S. 547 (1967)..........................................................................................14, 15

*Rio Props., Inc. v. Rio Int'l Interlink,*
284 F.3d 1007 (9th Cir. 2002) .................................................................................7

*Schwarzenegger v. Fred Martin Motor Co.,*
374 F.3d 797 (9th Cir. 2004) .......................................................................8, 10, 11

*Stump v. Starkman,*
435 U.S. 349 (1978)......................................................................................13, 14, 15

*Thigpen v. Bibb County,*
222 F.3d 1231 (11th Cir. 2000) .............................................................................17

*Will v. Mich. Dep't of State Police,*
491 U.S. 58 (1984)...................................................................................................2

*World-Wide Volkswagon Corp. v. Woodson,*
444 U.S. 285 (1980)...............................................................................................11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Younger v. Harris,*
401 U.S. 37 (1970)....................................................................................15

**Rules**

Federal Rule of Civil Procedure 4(c)(1)........................................................4

Federal Rule of Civil Procedure 4(e)............................................................5

Federal Rule of Civil Procedure 4(e)(1).......................................................5

Federal Rule of Civil Procedure 8(a)(2)......................................................16

Federal Rule of Civil Procedure 12(b)(2)......................................................7

Federal Rule of Civil Procedure 12(b)(5)......................................................5

**Statutes**

28 U.S.C. § 1391(b)...................................................................4, 12, 13

28 U.S.C. § 1406(a)..............................................................................13

42 U.S.C. § 1983.................................................................2, 3, 15, 16, 17

California Code of Civil Procedure § 335.1....................................................17

California Code of Civil Procedure § 415.10..................................................5, 6

California Code of Civil Procedure § 415.20..................................................5, 6

California Code of Civil Procedure § 415.30..................................................5, 6

California Code of Civil Procedure § 415.40....................................................6

O.C.G.A. § 9-3-33...............................................................................17

O.C.G.A. § 9-11-4(e)(7)..........................................................................5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

### A.  Factual Background

Plaintiff's amended complaint names Judge Linda Hunter ("Judge Hunter") as one of over twenty defendants.  (Doc. 30).  However, despite the mention of Judge Hunter's name in the caption of this case and her rare mention throughout the amended complaint, Plaintiff has not made any specific factual allegations to support his claims against her.

Plaintiff alleges specifically that Hunter "failed [her] Oath[] of Office to protect the laws under the Constitution for the United States of America by breaking the very laws [she] swore to protect." (Doc. 30, p. 30, ¶ 83.)  Further, Plaintiff alleges that because "the record shows that Schwartz and Blumenfeld . . . rewrote due process, rewrote discovery laws, and rewrote medical manuals[,]" such "reversible errors make[] *all* judges[sic] order to include but not limited to . . . Linda Hunter . . . Orders and Evaluations null and void."  (*Id.*, p. 36, ¶ 97) (emphasis added). Finally, Plaintiff makes a generalized allegation that Judge Hunter was one of a number of judges who "continued with force against the Plaintiff's will[,]" a behavior he states has been "consistent."  (*Id.*, p. 37, ¶ 101.)

Although it is not clear, it appears that any alleged actions by Judge Hunter arose from Plaintiff's arrest in Atlanta on December 5, 2011 by a United States Marshall, his subsequent extradition to California and a criminal action which was commenced against Plaintiff in California May 11, 2012. (Doc. 30, pp. 12, 13, ¶ ¶ 36, 37, 38).

Plaintiff has sued Judge Hunter in her individual capacity[1] and seeks monetary damages as well as orders from this Court "voiding all actions" in his state-court criminal case, a stay of proceedings in the state-court criminal case, an "investigation and prosecution" of the Defendants, and "submission of this entire matter to the judicial counsel for disciplinary actions against the defendants," among other things. (Doc. 30, pp. 41-42.)

**B.  Additional Facts Bearing On Service, Personal Jurisdiction and Venue**

Plaintiff's complaint alleges that Hunter "is a Judge employed by the State of Georgia, and is a resident of DeKalb County, Georgia." (Doc. 30, p. 9, ¶ 26.) As noted, Plaintiff does not allege any specific conduct by Judge Hunter, but he does

---

[1] Any official capacity claim by Plaintiff for monetary damages would be barred by the Eleventh Amendment, as the State has not waived immunity. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Similarly, any such claim against Defendant Hunter for violation of 42 U.S.C. § 1983 must fail, as the State – i.e., Defendant in

allege that she was "at all times pertinent hereto, acting . . . as Administrator/Judge of the Superior Court . . . ." (*Id.*)

Submitted with this Motion is the Declaration of Judge Hunter. She provides the following information.  She is a Judge of the Superior Court of DeKalb County Georgia. The principal place of business of her office is in the State of Georgia and her office neither has offices or employees in, or regularly conducts business in, the State of California. Trina McCalla is not employed by, or in charge of, Judge Hunter's office, nor is Trina McCalla authorized to accept service on Judge Hunter's behalf. Judge Hunter has not received a copy of the summons and complaint by mail.

Judge Hunter is a resident of the State of Georgia.  During the alleged events giving rise to this litigation she was a resident of the State of Georgia.  She has never lived or worked in the State of California and she does not now nor has she ever owned any property or businesses in the State of California. Being subjected to this litigation in the State of California would be a both a personal inconvenience and also a significant financial hardship and distraction from her work and duties in Georgia as Judge in the Superior Court of DeKalb County, Georgia.

___

her official capacity – is not a "person" amenable to suit under § 1983.  See, e.g., Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989).

For the reasons set forth below, Judge Hunter asks this Court to dismiss Plaintiff's amended complaint with prejudice because Plaintiff has failed to perfect service on Judge Hunter, because this Court lacks personal jurisdiction over Judge Hunter and because Judge Hunter has absolute judicial immunity from Plaintiff's claims. Also, pursuant to 28 U.S.C. § 1391(b) venue for this action does not lie in the Central District of California because Judge Hunter does not reside in this district or in the State of California, and because Plaintiff's claims against Judge Hunter involve actions occurring, if at all, in the State of Georgia. Finally, Plaintiff's complaint must be dismissed because it fails to state a claim on which relief may be granted.

## II.

## PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO PERFECT SERVICE ON DEFENDANT HUNTER

Plaintiff's complaint against Judge Hunter, should be dismissed because Plaintiff has failed to effect proper service upon her. Rule 4 of the Federal Rules of Civil Procedure provides that "the plaintiff is responsible for service of a summons and complaint." Fed. R. Civ. Pro. 4(c)(1). In order to achieve effective service of process and survive a Rule 12(b)(5) motion to dismiss, a plaintiff's attempted service must meet the general requirements of Rule 4.

Rule 4(e)(1) states that service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," in this case, Georgia or California.

Under both federal and Georgia law, service of process upon an individual may be effected by (1) delivering a copy of the summons and complaint to the individual personally, (2) leaving a copy of each at the individual's dwelling with someone of suitable age and discretion who resides there, or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(e); O.C.G.A. § 9-11-4(e)(7). Under California law, service may be effected by personal delivery of a copy of the summons and complaint, by leaving the summons and complaint in the defendant's office "with the person who is apparently in charge thereof . . . ." and mailing by first class mail a copy of the complaint and summons to the person to be served at the same location where the copy of the summons and complaint were left, by first class mail with a notice and acknowledgement to be returned by the person served, and, in the case of an out of state defendant, by any of the aforementioned methods or by sending a copy to an out of state defendant by mail, requiring a return receipt. Cal. Code Civ. Pro. 415.10-415.40.

According to the affidavit of service, service was made on Trina McCalla, "Administrator of LINDA HUNTER, a person of suitable age and discretion." (Doc. 47). Plaintiff has failed to serve Judge Hunter in a manner permitted by law in either Georgia or California.

As noted above, Trina McCalla is not employed by Judge Hunter, nor has she been authorized to accept service on behalf of Judge Hunter. Therefore under Georgia law, Judge Hunter has not been properly served. And under California law although service is proper at an office if left with a person in charge of the office, Trina McCalla was not in charge of Judge Hunter's office. Moreover, even if the complaint and summons were properly delivered to her office, Judge Hunter has never received a copy of the summons and complaint by mail.

Plaintiff has failed to effectuate proper service on Judge Hunter and she should be dismissed from this action.

### III.

### THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT HUNTER

On a Rule 12(b)(2) motion "[a] plaintiff bears the burden of establishing personal jurisdiction," *Azzarello v. Navagility*, LLC, 2008 U.S. Dist. LEXIS 117119, *4 (N.D. Cal. Oct. 16, 2008) (Chesney, J.) (citing *Rio Props., Inc. v. Rio*

*Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002)), and "is 'obligated to come forward with facts, by affidavit or otherwise, supporting [such] jurisdiction.'" *See id.* (quoting *Amba Mktg. Sys. v. Jobar Int'l*, 551 F.2d 784, 787 (9th Cir. 1977)).   In this instance California law governs personal jurisdiction and it is coextensive with federal due process requirements. *See id.; accord Dole Food Co. v. Watts*, 303 F.3d 1104, 1110-11 (9th Cir. 2002).   Those requirements are well established.   "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"   *Dole Food Co.*, 303 F.3d at 1110-1111 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

As noted in section I. B. above, by Plaintiff's own admission, Judge Hunter "is a Judge employed by the State of Georgia, and is a resident of DeKalb County, Georgia." (First Amend. Compl. ¶ 26.)   He also admits that she was "at all times pertinent hereto, acting . . Administrator/Judge of the Superior Court . . . ."   (*Id.*).

1   This Court obviously lacks personal jurisdiction based on those affirmative

2   assertions.[2]

3

4        Even aside from this, Plaintiff cannot establish specific personal jurisdiction

5   over Judge Hunter because he cannot satisfy the three-part test for specific personal

6   jurisdiction laid out by the Ninth Circuit in *Schwarzenegger v. Fred Martin Motor*

7   *Co.*, 374 F.3d 797 (2004).  Under this test,

8

9        Specific jurisdiction over a nonresident defendant is appropriate
        when a three-part test is satisfied:

10

11        (1) The non-resident defendant must purposefully direct his
        activities or consummate some transaction with the forum or
12        resident thereof; or perform some act by which he purposefully
        avails himself of the privilege of conducting activities in the
13        forum, thereby invoking the benefits and protections of its laws;
        (2) the claim must be one which arises out of or relates to the
14        defendant's forum-related activities; and (3) the exercise of
        jurisdiction must comport with fair play and substantial justice, i.e.
15        it must be reasonable.

16

17   *Id.* at 802 (citing to *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

18

19

20

21

22   _____

23   [2] Courts may exercise general personal jurisdiction when a defendant is domiciled in
     the forum state or his activities there are "substantial" or "continuous and
24   systematic," neither of which is the case here based on the facts set forth in Part I.B.
     above.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16
25   (1984).

26

27

28
        NOTICE OF MOTION AND MOTION TO DISMISS
                              -8-

The plaintiff bears the burden of proof on the first two prongs, and if they are established then the defendant must come forward with a "compelling case" that the exercise of personal jurisdiction would be unreasonable. *Id.* (citations omitted.) "If the Plaintiff fails to establish either of these prongs, personal jurisdiction is not established" in California. *Id.* It is only when "the plaintiff succeeds in satisfying both of the first two prongs," that "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

Plaintiff fails to establish either of the first two prongs. Under the first prong, Plaintiff fails because he does not specify any act performed by Judge Hunter by which she availed herself of the privilege of conducting activities in California.

Even under the Supreme Court's holding in *Calder v. Jones*, Plaintiff fails to satisfy the first prong. 465 U.S. 783 (1984). The Ninth Circuit has explained *Calder*'s "effects" test as follows:

> *Calder* stands for the proposition that purposeful availment is satisfied even by a defendant "whose only 'contact' with the forum state is the 'purposeful direction' of a foreign act having effect in the forum state." . . . [Under] *Calder*, the "effects" test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing

harm that the defendant knows is likely to be suffered in the forum state.

*Schwarzennegger*, 374 F.3d at 803 (citing *Dole Food Co.*, 303 F.3d 1104, 1111 (9th Cir. 2002)).  Although under *Dole Food*'s interpretation of *Calder*, the first prong of the *Schwarzenegger* test is satisfied "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state," again Plaintiff has not alleged any specific intentional act by Judge Hunter aimed at the State of California that she knew would be likely to cause Plaintiff harm in California.  *Dole Food Co.*, 303 F.3d at 1111 (internal quotation marks omitted).  Therefore, Plaintiff cannot satisfy the first prong of the *Schwarzenegger* test, even under *Calder*.

Plaintiff also fails to satisfy the second prong of the *Scwarzenegger* test. Because there are no allegations of specific conduct on the part of Judge Hunter, there can be no argument that "the claim . . . [is] one which arises out of or related to the defendant's forum-related activities."  *Schwarzenegger*, 374 F.3d at 802. Further, Plaintiff raises no facts and presents no argument that Judge Hunter has any connection to California, much less any "forum-related activities."  *Id.*

Because Plaintiff is unable to satisfy the first two prongs of the *Schwarzenegger* test, he is unable to demonstrate that this Court has personal jurisdiction over Judge Hunter. Thus, Plaintiff's First Amended Complaint must be dismissed with prejudice.

Finally, even if the Court could find that Defendant purposefully directed her activities at the forum, this Court still should dismiss the claims against her because the exercise of jurisdiction would be unreasonable. *See Schwarzenegger*, 374 F.3d at 802. In this regard the courts consider:

> (1) the extent of the defendants' purposeful interjection into the
> forum state's affairs; (2) the burden on the defendant of defending
> in the forum; (3) the extent of conflict with the sovereignty of the
> defendants' state; (4) the forum state's interest in adjudicating the
> dispute; (5) the most efficient judicial resolution of the
> controversy; (6) the importance of the forum to the plaintiff's
> interest in convenient and effective relief; and (7) the existence of
> an alternative forum.

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). Factor one strongly favors Defendant because her contacts with California are non-existent. Factor two, which the Supreme Court has said is the most important, *see World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980), also strongly favors Defendant because as stated in her declaration, litigating and defending this case in California would be both a personal inconvenience and also a significant financial

hardship and distraction from her work in Georgia.  Factor three does not readily apply in this case, and factors four, five, six and seven all favor Defendant because any alleged acts by Judge Hunter would have occurred in Georgia and because the claims could be brought and more efficiently litigated in Georgia.  Consideration of these factors compels the conclusion that exercising personal jurisdiction over Judge Hunter in California would be unreasonable. Accordingly, Plaintiff's claims against Judge Hunter must be dismissed for lack of personal jurisdiction.

**IV.**

## VENUE IS NOT PROPER IN THE CENTRAL DISTRICT OF CALIFORNIA

Plaintiff's complaint against Judge Hunter is also due to be dismissed because venue does not lie in the Central District of California, or in any district of California. The venue statute provides:

> (b) Venue in general. A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

NOTICE OF MOTION AND MOTION TO DISMISS
-12-

28 U.S.C. § 1391(b).   Venue is improper here because: (1) Judge Hunter is not a resident of this district or of California; (2) this is not the district where a "substantial part of the events or omissions giving rise to the claim[s]" against Judge Hunter occurred; and (3) there is another district, the Northern District of Georgia, where the action could be brought, and in any event Judge Hunter is not subject to personal jurisdiction in this district.   The Court should dismiss the action based on improper venue.   *See* 28 U.S.C. § 1406(a).

## V.

## JUDGE HUNTER HAS JUDICIAL IMMUNITY FROM PLAINTIFF'S CLAIMS

It is well established that judges acting within their judicial function are accorded absolute immunity from civil suits for money damages. <u>See</u>, <u>e.g.</u>, *Stump v. Starkman*, 435 U.S. 349, 357 (1978). The doctrine of judicial immunity is rooted in the belief that it is "'of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" <u>See</u> *Mireles v. Waco*, 502 U.S. 9 (1991) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)).   Absolute judicial immunity applies as long as the alleged action was taken in the judge's judicial capacity – i.e., it is a function normally performed

by a judge – and the judge did not act in the "clear absence of all jurisdiction." <u>See</u>, <u>e.g.</u>, <u>id.</u>, 502 U.S. at 11-12.

The doctrine of judicial immunity is not rendered inapplicable by allegations of bad faith or malice. <u>See</u>, <u>e.g.</u>, <u>Mireles</u>, 502 U.S. at 11-12. On the contrary, "[i]mmunity applies even when the judge is accused of acting maliciously and corruptly," <u>see</u> <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967), and even if the judge's exercise of authority "is flawed by the commission of grave procedural errors." <u>See</u> <u>Stump</u>, 435 U.S. at 359. Notably, judges not acting in the clear absence of all jurisdiction are immune from damages even when those claims are based on charges of conspiracy in their rulings.

Here, although unclear, it appears that Plaintiff is unhappy with some action by Judge Hunter in her capacity as Judge of the Superior Court of DeKalb County Georgia. Plaintiff has failed to allege any facts indicating that any alleged action by Judge Hunter was undertaken in the "clear absence of all jurisdiction." <u>See</u>, <u>e.g.</u>, <u>Stump</u>, 435 U.S. at 357. Even assuming that Judge Hunter's alleged actions were, as Plaintiff contends, based on a "conspiracy" involving the other defendants in this case, it would not render her actions wholly without jurisdiction. <u>See</u> <u>Pierson</u>, 386 U.S. at 554.

Because absolute judicial immunity shields Judge Hunter from suit, and because Plaintiff's allegations fail to overcome such immunity, his claims for damages against Judge Hunter must be dismissed.

## VI.

## PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

Plaintiff's complaint fails to state a claim on which relief may be granted pursuant to 42 U.S.C. § 1983. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged." *Id.* (emphasis added). The Ninth Circuit has upheld the dismissal of lawsuits that do no more than assert claims based on acts vaguely attributed to "defendants" where the claims are not supported by specific allegations of fact showing the alleged conduct of each named defendant. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996).

Here, no specific allegations have been made with regard to Judge Hunter on which the asserted claims could be based.  Rule 8(a)(2), Fed. R. Civ. P. requires that the Plaintiff provide more "than a blanket assertion, of entitlement to relief" it requires instead a "showing" of factual allegations.  *Twombly*, 550 U.S. at 555-6 n. 3. Plaintiff has not alleged *any* facts which, if true, would entitle Plaintiff to relief against Judge Hunter.   Moreover, liability under § 1983 cannot be imposed on theories of vicarious liability or respondeat superior.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Personal involvement is the *sine qua non* of liability under 42 U.S.C. §1983.  *Id.*   Plaintiff must allege facts sufficient to show how each individual defendant allegedly violated Plaintiff's rights.  Plaintiff's complaint fails to include allegations sufficient to establish the violation, by Judge Hunter, of any right cognizable pursuant to 42 U.S.C. § 1983.

Plaintiff's claims fail for other additional and independent reasons.  At best, it appears that Plaintiff's claims against Judge Hunter are premised on some alleged action by Judge Hunter with regards to his arrest in Georgia on December 5, 2011 and subsequent extradition to California, which resulted in a criminal action against Plaintiff in California in May, 2012.  Any claims premised on any alleged actions by Judge Hunter from December 2011 through May, 2012, which would have occurred

in the State of Georgia, are barred by the statute of limitations.   "The statute of limitations for a [§] 1983 claim arising out of events occurring in Georgia is two years." *Thigpen v. Bibb County*, 223 F.3d 1231, 1243 (11th Cir. 2000); O.C.G.A. §9-3-33. Moreover, California also has a two year statute of limitations. *See generally, McDougal v. County of Imperial*, 942 F.2d 668, 673 (9th Cir. 1991); *see also* Cal. Code Civ. P. § 335.1 (effective Jan. 1, 2003).   And in both Georgia and California, the cause of action accrues, and the limitations period begins to run, when the plaintiff knows or has reason to know of the injury that is the basis for the action..." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003);   *Alexopulos v. San Francisco Unified School Dist.*, 817 F.2d 551, 555 (9th Cir. 1987).

Plaintiff filed his original complaint in June, 2014. (Doc. 1). Any claims against Judge Hunter would be based on her alleged actions prior to May, 2012, and are therefore barred by the statute of limitations.

Also, to the extent that Plaintiff seeks modification or relief from any order entered by Judge Hunter, *see* Doc. 30 at pp. 36, 37, ¶ 97, his claims are barred either by the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1970), if there is an ongoing state proceeding; or, if the proceeding is no longer ongoing, then by the *Rooker-Feldman* doctrine, by which appellate jurisdiction to reverse or modify a final

state court judgment is vested exclusively in the Supreme Court.  *See Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

For the foregoing reasons this action should be dismissed.

Dated: September 25, 2014                Respectfully submitted,

/s/ Susan E. Teaster
Susan E. Teaster (GA Bar No. 701415)
Assistant Attorney General
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 463-8850
Fax: (404) 651-5304
Email: steaster@law.ga.gov
*Appearance Pro Hac Vice*

Sarah L. Overton (CA Bar No. 163810)
Cummings, McClorey, Davis, Acho and Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Office (951) 276-4420
Fax (951) 276-4405
Email: soverton@cmda-law.com

Attorneys for Defendant Linda Hunter

## PROOF OF SERVICE
Simmons v. Blumenfeld, et. al.
Case No: CV14-04806 (JEM)

I, the undersigned, declare as follows:

I have been granted leave to appear pro hac vice in this action. I am over the age of 18 years and not a party to the within action. I am an employee of or agent for the Georgia Department of Law, 40 Capitol Square, SW, Atlanta, Georgia 30334.

On September 25, 2014 I served the within and foregoing **DEFENDANT LINDA HUNTER'S SPECIAL APPEARANCE NOTICE OF MOTION AND MOTION TO DISMISS** on the following party in this action addressed as follows:

Herbert Horatio Simmons
P. O. Box 40923
Pasadena, CA  91114

By mail: I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Atlanta, Georgia. I am "readily familiar" with this office's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U. S. Postal Service on that same day. I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

Executed on September 25, 2015 in Atlanta, Georgia. I declare under penalty of perjury under the laws of the State of Georgia that the above is true and correct.

This the 25th day of September, 2014.

*(signature on next page)*

NOTICE OF MOTION AND MOTION TO DISMISS
-19-

s/ Susan E. Teaster
SUSAN E. TEASTER      701415
Assistant Attorney General
Attorney for Defendant Linda Hunter
*Appearance pro hac vice*

Please Address All
Communications To:

Susan E. Teaster
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
Telephone: (404) 463-8850
Facsimile:  (404) 651-5304
Email:steaster@law.ga.gov